No. 12652

IN THE SUPREME COURT OF THE STATE OF MONTANA

1974

---

THE STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

RICHARD JAMES FINLEY,

Defendant,

and

INLAND BONDING COMPANY,

Appellant.

---

Appeal from:  District Court of the Fourth Judicial District,
Honorable Jack Green, Judge presiding.

Counsel of Record:

For Appellant:

Donald R. Matthews argued, Missoula, Montana

For Respondent:

Hon. Robert L. Woodahl, Attorney General, Helena,
Montana
Thomas J. Beers, Assistant Attorney General, argued,
Helena, Montana
Richard P. Heinz argued, Polson, Montana

---

Submitted:  March 22, 1974

Decided: **APR 1 8 1974**

Filed: **APR 1 8 1974**

Thomas J. Kearney
Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

This is an appeal by a bonding company from an order of the district court of Lake County, refusing to vacate a bail bond forfeiture.

Richard Finley, defendant in this action, plead guilty to a charge of first degree assault. He was released when his surety, Inland Bonding Company, posted their $2,500 bail bond. He was ordered to appear in court on March 14, 1973, for sentencing.

On March 14, 1973, defendant did not appear for sentencing and the district court ordered the bail bond forfeited. Subsequently, defendant was arrested on a bench warrant July 25, 1973, taken to Polson, Montana, sentenced, and is now in the State Prison.

On August 14, 1973, the bonding company filed a motion to vacate the order of the district court forfeiting bail. The motion was denied. From this denial, this appeal is brought.

Two issues are presented for review:

(1) Does the district court lose jurisdiction over bail bonds thirty days after forfeiture?

(2) Did the district court abuse its discretion in denying the bonding company's motion to vacate the prior forfeiture order?

The questions presented for review are essentially questions of statutory interpretation. The applicable section of the Montana Criminal Procedure Act is section 95-1116, R.C.M. 1947. That section provides for the conditions of bail and forfeiture when the conditions are not performed as follows:

> "(a) When the conditions of bail have been performed and the accused has been discharged from his obligations in the cause, the court shall return to him or his sureties the deposit of any cash, stocks or bonds. If the bail is real estate, the court shall notify, in writing, the county clerk and recorder and the lien of the bail bond on the real estate shall be discharged. If the bail is a written undertaking or a commercial surety bond, it shall be

discharged and the sureties exonerated.

"(b) If the accused does not comply with the con-
ditions of the bail bond, the court having juris-
diction shall enter an order declaring the bail
to be forfeited.

"If such forfeiture is declared by a district
court, notice of such order of forfeiture shall
be mailed forthwith by the clerk of the court to
the accused and his sureties at their last known
address.

"(c) If at any time within thirty (30) days after
the forfeiture the defendant or his bail appear
and satisfactorily excuse his negligence or fail-
ure to comply with the conditions of the bail,
the court, in its discretion, may direct the for-
feiture of the bail to be discharged upon such
terms as may be just.

"If such forfeiture is declared by a district court
and if the forfeiture is not discharged as provided
in this section, the court shall enter judgment for
the state against the accused and his sureties for
the amount of the bail and costs of the proceedings."
(Emphasis added.)

It is a general rule of statutory construction that the

function of the court is to interpret the intention of the legis-

lature, if at all possible, from the plain meaning of the words

used; the court is not at liberty to add or detract language

from the statute in question. Sections 93-401-15, 93-401-16,

R.C.M. 1947; Nice v. State Board of Equalization, 161 Mont. 448,

507 P.2d 527, 30 St.Rep. 284.

The language of section 95-1116, R.C.M. 1947, clearly

indicates that the defendant or his bail (surety) must appear

within thirty (30) days after forfeiture and satisfactorily excuse

his negligence or failure to comply with the conditions of the bail

in order to be granted a discharge of forfeiture. If so done

within thirty days, the district court, in its discretion, "may"

direct the forfeiture of the bail to be discharged. The statute

is equally clear, however, by the use of the word "shall" in the

last sentence of the section, to require the court to enter judg-

ment for the state against the accused and his sureties for the

- 3 -

amount of the bail and costs of the proceedings if the for-
feiture is not discharged within the thirty day limit.

On March 14, 1973, the district court ordered the bond
forfeited when defendant did not appear. Four and one-half
months later defendant appeared in court under a bench warrant
for his arrest. On August 14, 1973, the bonding company filed
a motion to vacate the previous order forfeiting bail on the de-
fendant--four months too late.

The authority of the district court to discharge the
forfeiture of bail ceases upon expiration of the thirty day stat-
utory limitation period. If there is a satisfactory excuse for
the absence of the defendant, thirty days is sufficient time for
the surety to discover the excuse. A longer period would only
prolong the cause and unduly burden the court. It is clear from
the plain meaning of the words used that the legislature intended
that a defendant be foreclosed from raising an excuse after the
thirty day statute of limitations has expired.

Since the district court had no jurisdiction to vacate
the order of forfeiture after the thirty days, the second issue
becomes irrelevant.

For these reasons, the order of the district court is
affirmed.

_____
                Justice

We concur:

_____
Chief Justice

_____

_____
Justices

- 4 -